IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN M. HALL,

    Petitioner,                    No. CIV S-08-2910 FCD EFB P

    vs.

JAMES A. YATES, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that this action is untimely. For the reasons explained, the motion must be granted.

**I.    Procedural History**

    Petitioner was convicted of three counts of lewd or lascivious acts on a child under the age of 14, four counts of the forcible commission of that crime, and one count of the attempted commission of that crime. Resp.'s Mot. To Dism., Docs Lodged in Supp. Thereof ("Lodg. Doc."), 1. He was sentenced to an aggregate term of 15 years in state prison. Lodg. Doc. 2. The judgment was affirmed on January 25, 2005. *Id.* Petitioner did not file a petition for review in the California Supreme Court.

////

1

Petitioner filed three habeas petitions in California courts. On June 9, 2005, petitioner filed a habeas petition in the Sacramento County Superior Court. Lodg. Doc. 3. On October 3, 2005, the petition was denied. Lodg. Doc. 4. Petitioner then filed a second petition in the California Court of Appeal, Third Appellate District on May 30, 2006. Lodg. Doc. 5. It was denied on September 28, 2006. Finally, petitioner filed a third petition in the California Supreme Court on May 25, 2007. Lodg. Doc. 7. It was denied on November 28, 2007.

Petitioner filed this action on December 1, 2008.[1]

## II.    Statute of Limitations

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Under California law, a judgment is final on direct view when the time to file a petition for review in the California Supreme Court has expired, or 40 days from the date that the appellate court affirmed the judgment of conviction. Cal. Rules of Court, Rules 8.264, 8.500.

The limitation period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But the period is statutorily tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

---

[1] Petitioner claims that he actually filed this petition on November 28, 2008, and merely paid a fee on December 1, 2008. Pet'r Opp'n to Mot. to Dism., at 5. Even if this were true, it would not affect the disposition of this motion.

2

A post-conviction motion is "properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A motion that is untimely under a State's rules is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (emphasis in original); *see also Saffold*, 536 U.S. at 226. California, however, has no clear rule governing the time for filing post-conviction motions. Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is considered timely if filed within a 'reasonable time.'" *Saffold*, 536 U.S. at 221; *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993) (habeas petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim."). The United States Supreme Court has held that for an unexplained delay of six months or more, lower federal courts need not determine whether a California court would have found a habeas petition timely because as a matter of federal law, it cannot be deemed to have been "pending" under *Saffold*. *Evans v. Chavis*, 546 U.S. 189, 201 (2006).

A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The statute of limitations may also be equitably tolled. The Ninth Circuit's standard for equitable tolling "is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). A habeas petitioner seeking equitable tolling must establish two elements: that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418.

////

In order for counsel's misconduct to constitute an extraordinary circumstance, it must be "sufficiently egregious." *Spitsyn v. Moore*, 345 F.3d 796, 798, 800 (9th Cir. 2003). This generally excludes situations in which postconviction counsel has been careless or negligent. For example, the United States Supreme Court has rejected the argument that a mistake by state post-conviction counsel in calculating the limitations period entitles a petitioner to equitable tolling, explaining:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.

*Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007). Even before the decision in *Lawrence*, the Ninth Circuit did not recognize attorney negligence as a circumstance that, in and of itself, justified a grant of equitable tolling. See *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of filing date not a basis for equitable tolling); *Miranda*, 292 F.3d at 1068 (filing late after relying on appellate counsel's erroneous advice not a basis for equitable tolling).

With these standards in mind, the court turns to the parties' arguments in this case.

**III.   Analysis**

Respondent contends that the federal petition is untimely. The starting point of the analysis is when petitioner's conviction became final on direct review. Under California law, petitioner had 40 days from the date that the appellate court affirmed the judgment of conviction to file a petition for review in the California Supreme Court. Cal. Rules of Court, Rules 8.264, 8.500. Petitioner's conviction was therefore final on March 7, 2005, and he had until March 6, 2006 to file his federal habeas petition. He did not file it until December 1, 2008. Absent tolling, the petition is therefore 1,001 days late.

////

////

### A. Statutory Tolling

As explained above, statutory tolling applies for the time during which a properly filed state post-conviction application is "pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Saffold*, 536 U.S. at 223. Both respondent and petitioner devote large parts of their briefs arguing about whether petitioner's briefs were properly filed and whether various periods of time are therefore statutorily tolled. *See* Resp.'s Mot. to Dism. at 4-6; Pet'r Opp'n, at 2-5. But even assuming that petitioner's three petitions were all properly filed, the statute of limitations would only be tolled from the date that he filed his first petition in the trial court, June 9, 2005, until the date that the California Supreme Court denied relief, November 28, 2007, or 902 days.[2] Thus, by the most generous calculation, this petition is 99 days late. Unless petitioner can demonstrate equitable tolling, his petition is untimely.

### B. Equitable Tolling

Petitioner claims that he is entitled to equitable tolling. He bears the burden of establishing that he has pursued his rights diligently, and that some extraordinary circumstance stood in his way. *See Pace*, 544 U.S. at 418. If petitioner cannot demonstrate an extraordinary circumstance, diligence is irrelevant. Post-conviction counsel's misconduct may only constitute an extraordinary circumstance if it rises above the level of mere negligence. *See Lawrence*, 549 U.S. at 336-337; *Frye*, 273 F.3d at 1146; *Miranda*, 292 F.3d at 1068.

Petitioner argues that his counsel's failure to timely file the petition was more than negligent. Petitioner's counsel erroneously believed that the statute of limitations began to run only after the California Supreme Court's denial. Pet'r Opp'n, at 6. He therefore decided to delay filing the petition for three reasons: to preserve petitioner's family members' hope that the

---

[2] The court does not imply that the petitions were indeed properly filed.

1  petition would be successful, to try to negotiate a modification of petitioner's sentence, and in
2  hopes that more favorable law would be decided. *Id.* Petitioner writes that his counsel had "no
3  right to make this decision and strayed from his duties as a lawyer in a misguided attempt to
4  discern what was best for the family," and that therefore his conduct was more than merely
5  negligent. *Id.* at 8.

6  Petitioner's equitable tolling argument relies on *Spitsyn*, 345 F.3d at 798. *Spitsyn*
7  involved a federal habeas petitioner who sought equitable tolling on the ground that his state
8  post-conviction attorney failed to prepare and file a petition. *Id.* at 798. The Ninth Circuit found
9  that petitioner retained counsel to prepare and file a federal habeas petition about one year before
10 the limitations period expired; petitioner and his family repeatedly attempted to learn the status
11 of the case; counsel failed to communicate that information; and counsel did not return
12 petitioner's trial and appellate files until three months after petitioner requested them and at least
13 two months after the limitations period expired. *Id.* at 798, 801. The court determined that
14 petitioner had demonstrated that for purposes of equitable tolling, counsel's conduct was
15 sufficiently egregious to be an extraordinary circumstances outside his control. *Id.* at 801.

16 Petitioner's counsel's conduct, while certainly negligent and regrettable, does not rise to
17 the level of egregiousness described in *Spitsyn*. Petitioner's counsel did not ignore or abandon
18 petitioner's case. He remained in contact with petitioner and his family and assured them that he
19 was working on the case. He ultimately misunderstood the law and made poor decisions in the
20 course of representation. However, his conscious decision to delay filing the petition based on
21 his misunderstanding of the law does not take the case outside of the realm of negligence.

22 Petitioner states that "it would be inequitable and a miscarriage of justice for Petitioner
23 not to have his case heard in Federal court in light of the fact that it was not his mistake of law
24 and that it would represent another moment when the now 74-year old Petitioner . . . would twice
25 be denied his chance to be heard," and that "his trial attorney and his appellate attorneys have
26 both failed him by not working diligently on his behalf." Pet'r Opp'n, at 2, 8. Again,

petitioner's diligence is only relevant if he is able to demonstrate extraordinary circumstances. While it is unfortunate, if true, that petitioner did not receive competent representation at trial and during post-conviction proceedings, negligent representation does not constitute an extraordinary circumstance for purposes of equitable tolling. *Lawrence*, 549 U.S. at 336-337.

Accordingly, petitioner has not met the requirements for equitable tolling.

## IV. Conclusion

The court finds that petitioner has filed this habeas petition beyond the one-year limitations period. The petition is untimely even considering periods of potential statutory tolling, and petitioner has failed to show facts justifying equitable tolling. Therefore, respondent's motion must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss this action as untimely be granted; and

2. The Clerk be directed to enter final judgment in this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 7, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE